**PATRICK ST. PETER & SONS, INC.**

v.

**Roy G. BOONE, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 15, 1988.

Decided Oct. 24, 1988.

David P. Chamberlain (orally), Ainsworth & Thelin, South Portland, Hugh S. Kirkpatrick, Houlton, for plaintiff.

Phillip Johnson (orally), Jay H. Krall, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

WATHEN, Justice.

Defendants Roy G. Boone and Judy Boone appeal from the denial by the Superior Court (Aroostook County, Pierson, J.) of their motion for a new trial. Defendants argue that they are entitled to a new trial on the grounds of excessive damages, insufficient proof of their involvement in fraudulent transfers, and prejudicial remarks by plaintiff's counsel during final argument. Viewing the evidence in the light most favorable to plaintiff, a rational basis exists in support of the verdict as reduced by the trial court. *See Cope v. Sevigny*, 289 A.2d 682 (Me.1972). Moreover, the jury could have found that the Boones aided or assisted Boone and Smith Dental Associates, P.A. in fraudulently transferring $26,012.54 in violation of 14

M.R.S.A. § 3155 (1980). It is not necessary that the Boones personally benefit in order to incur liability for aiding or assisting in the transfer of corporate funds to creditors for debts incurred after the termination of the Boone–Smith association. *Aiken v. Kilburne,* 27 Me. 252 (1847). A finding of fraud is not precluded by the fact that such transfers may have been made for valuable consideration. *See* 1 Dewitt C. Moore, *A Treatise On Fraudulent Conveyances and Creditors' Remedies* § 2 at 5 (1908). Finally, the Boones fail to establish an abuse of discretion by the presiding justice in denying their motion for a new trial on the grounds of prejudice. *See Grant v. Warren Bros. Co.,* 405 A.2d 213 (Me.1979).

The entry is:

JUDGMENT AFFIRMED.

All concurring.